UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED DAVID SERNA, CDCR #E-25219,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>MADDEN, Warden; C/O C. LOPEZ; C/O FRANZ; and C/O ESCOBAR,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-CV-841 JLS (DEB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); AND (3) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 2, 3) |

Plaintiff Alfred David Serna ("Plaintiff" or "Serna"), proceeding pro se, is currently incarcerated at R.J. Donovan State Prison ("RJD") in San Diego, California, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Serna alleges Defendants violated his Eighth Amendment rights by failing to properly protect him when he was attacked by a fellow inmate. *See id.* at 3–5. Serna did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("IFP Mot.").

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, a prisoner remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action ultimately is dismissed. *See* 28 U.S.C. §§ 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify to proceed IFP, section 1915(a)(2) requires a prisoner to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); *id*. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10 and forwards those payments to the Court until the entire filing fee is paid. *See id*. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Serna submitted a Prison Certificate.  *See* IFP Mot. at 7–8[2]; *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  This financial record shows Serna had an average monthly balance of $202.37 over the past six months, average monthly deposits of $5.19 over the past six months, and an available balance of $0.18 to his credit at the time of filing.  *See* ECF No. 5 at 1.

In light of the foregoing, the Court **GRANTS** Serna's IFP Motion and declines to assess any initial partial filing fee pursuant to 28 U.S.C. §§ 1915(a)(1) and (b)(1).  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").  Instead, the Court **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(2).

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2)(B) AND 1915A(B)**

**I.    Standard of Review**

Because Serna is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these statutes, the Court must dismiss *sua sponte* a prisoner's IFP complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from immune defendants.

---

[2] Serna submitted a second Prison Certificate on June 9, 2020, but, for purposes of determining whether to grant or deny IFP status, the Court is required to consider the "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  *See* 28 U.S.C. §§ 1915(b)(1)–(2), (4).  Accordingly, for purposes of this Order, the Court uses the Prison Certificate Serna submitted with his IFP Motion and not the Prison Certificate he filed later.

*See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   Plaintiff's Allegations

Serna alleges that on April 4, 2022, he was attacked by a fellow inmate, Lafita, who stabbed him in the face and on his arms. Compl. at 3. Both Serna and Lafita were pepper sprayed and ordered to "prone out" on the floor. *Id.* Serna claims that, about a minute later, Lafita "got up and grabbed an ADA chair and hit [him] in the back of the head . . .

about 5 times." *Id.* According to Serna, Defendant Escobar, who was the correctional officer assigned to the control tower at that time, did not shoot Lafita or do anything to stop the attack. *Id.* In addition, Serna contends Defendants Lopez and Franz were standing two feet away from Serna and Lafita when Lafita began hitting Serna with the chair but did nothing to stop the attack. *Id.* As a result of the attack, Serna claims his eyes, head, back, and legs were seriously injured. *Id.* at 3–4.

### III. Analysis

Serna contends that Defendants' actions violated his Eighth Amendment rights.[3] "The Eighth Amendment requires prison officials to protect inmates from violence." *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). In order to state a plausible Eighth Amendment claim for relief, however, a plaintiff must allege facts sufficient to show that the defendant(s) acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

---

[3] In Count One, Serna alleges Defendants' actions violated his Fourteenth Amendment Due Process rights by being negligent. Compl. at 3. The U.S. Supreme Court has stated that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property."). Further, when a specific constitutional Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment . . . must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quotation marks omitted). Accordingly, the Court analyzes Serna's claim as one brought pursuant to the Eighth Amendment only.

### A. Defendant Madden

Serna alleges that Warden Madden violated his Eighth Amendment rights because he failed to "adequately train custod[ial] staff in their duty to protect prisoners from other prisoners' attacks" and he "knew or should have known that his staff conduct [and] attitudes and actions created an unreasonable risk of serious harm." Compl. at 5. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)). In other words, to state a plausible claim, a plaintiff must allege personal acts by each individual defendant that have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As a supervisor, Warden Madden may only be held liable for the allegedly unconstitutional violations of his subordinates if Serna has alleged specific facts showing: (1) how or to what extent Madden personally participated in or directed the other Defendants' actions, and (2) in either acting or failing to act, Madden was an actual and proximate cause of the deprivation of Serna's Eighth Amendment rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Serna's Complaint in no way sets forth facts that can be liberally construed to support an individualized constitutional claim against Warden Madden.

### B. Defendants Lopez, Franz, and Escobar

Serna alleges that Defendant Escobar failed to take any action after Lafita got up from his prone position without permission, picked up a chair, and hit Serna in the back of the head with the chair approximately five times, resulting in multiple injuries to Serna's eyes, head, back, and legs. Compl. at 3–4. These allegations are sufficient to plausibly allege an Eighth Amendment failure-to-protect claim against Escobar because they show

Escobar was "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]'" and that Escobar actually drew that inference. *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 837); *Iqbal*, 556 U.S. at 678.

In addition, Serna alleges that Defendants Franz and Lopez were standing two feet away from Serna and Lafita when Lafita began hitting Serna with the chair but did not stop Lafita or intervene in any way. Compl. at 3–4. These allegations are sufficient to plausibly allege an Eighth Amendment failure-to-protect claim against Franz and Lopez, also, because they show Franz and Lopez were "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]'" and that Franz and Lopez actually drew that inference. *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 837); *Iqbal*, 556 U.S. at 678.

### C.    Leave to Amend

Because the Court has determined that some of Serna's claims survive the sua sponte screening process, the Court will give Serna the opportunity to either: (1) notify the Court of his intent to proceed with his Eighth Amendment claims against Defendants Escobar, Franz, and Lopez only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Serna must choose one of these options <u>within forty-five (45) days</u> from the date of this Order. If Serna chooses to proceed as to his claims against Defendants Escobar, Franz, and Lopez only or does not respond to this Order, the Court will issue an Order directing the U.S. Marshal to effect service of this Complaint on Defendants Escobar, Franz, and Lopez and dismiss the remaining claims and defendants.

## MOTION TO APPOINT COUNSEL

Serna also requests appointment of counsel in this case because he is "a participant of mental health program," has "a learning disability" that makes it "hard for [him] to comprehend statements," and does not know the law. *See* ECF No. 3 ("Counsel Mot.") at 4. He also states that "a lot of my understanding comes from others I get help [from]." *Id.* / / /

There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, nothing in Serna's Complaint suggests he is incapable of articulating the factual basis for his Eighth Amendment claims, which appear "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court has found, based on its initial screening of Serna's Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that he has stated a plausible claim for relief. *See Meeks v. Nunez*, No. 3:13-cv-00973-GPC-GBS, 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) (denying ADA inmate appointment of counsel where inmate "successfully survived screening" and had submitted motions "drafted with clarity and [asserting] proper arguments"); *Garcia v. Blahnik*, Civil Case No. 3:14-cv-00875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding no "exceptional circumstances warranting a judicial request for a voluntary legal counsel" where Plaintiff's psychiatric disorder and limited access to the law library did not "prevent[] him from filing a well-articulated complaint and other motions with the Court").

In addition, while Serna has sufficiently pleaded a plausible Eighth Amendment claim at this preliminary stage of the proceedings, he has yet to demonstrate, and it is too soon to tell, whether he is likely to succeed on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017),

*reconsideration denied*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore*, Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

Accordingly, the Court finds no "exceptional circumstances" exist at this preliminary stage of the case and **DENIES WITHOUT PREJUDICE** Plaintiff's Counsel Motion.

## CONCLUSION

For the foregoing reasons, the Court:

(1)   **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

(2)   **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ***ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION***;

(3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Alison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic version to trusthelpdesk@cdcr.ca.gov;

(4)   **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel (ECF No. 3);

/ / /

(5) **DISMISSES WITHOUT PREJUDICE** Plaintiff's Eighth Amendment claims against Defendant Madden for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1); and

(6) **GRANTS** Plaintiff <u>forty-five (45) days'</u> leave from the date of this Order in which to either: (1) notify the Court of his intention to proceed with his Eighth Amendment claims against Defendants Escobar, Franz, and Lopez only; or (2) file an Amended Complaint that cures all the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not realleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend may be "considered waived if not repled" in an amended complaint). If Plaintiff chooses to proceed as to his claims against Defendants Escobar, Franz, and Lopez only, or if Plaintiff does not respond to this Order, the Court will issue an Order directing the U.S. Marshal to effect service of Plaintiff's Complaint on Defendants Escobar, Franz, and Lopez and dismissing the remaining claims and Defendants.

**IT IS SO ORDERED.**

Dated: August 12, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge