UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED DAVID SERNA, CDCR #E-25219,<br><br>                         Plaintiff,<br><br>v.<br><br>MADDEN, Warden;<br>C. LOPEZ, Correctional Officer;<br>FRANZ, Correctional Officer; and<br>ESCOBAR, Correctional Officer,<br><br>                         Defendants. | Case No.: 22-CV-841 JLS (DEB)<br><br>**ORDER: (1) DISMISSING CLAIMS AND DEFENDANT; AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT AND SUMMONS UPON DEFENDANTS LOPEZ, FRANZ, AND ESCOBAR PURSUANT TO 28 U.S.C. § 1915(d) AND FEDERAL RULE OF CIVIL PROCEDURE 4(c)(3)** |

      On June 6, 2022, Alfred David Serna ("Plaintiff" or "Serna"), currently incarcerated at R.J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 naming Raymond Madden, Warden of RJD, and Correctional Officers Lopez, Franz, and Escobar as Defendants. *See generally* ECF No. 1 ("Compl."). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("IFP Mot.").

On August 12, 2022, the Court granted Serna's IFP Motion and dismissed his claims against Defendant Madden for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* ECF No. 6 (the "Order"). The Order gave Serna the option of (i) proceeding with his Eighth Amendment claims against Defendants Lopez, Franz, and Escobar only; or (ii) filing an Amended Complaint that cured all the deficiencies noted in the Order. *See id.* Serna was given forty-five days from the date of the Order to respond. *See id.*

On August 24, 2022, Serna filed a document entitled "Request for Judicial Notice" in which he informed the Court of his intention to proceed with his Eighth Amendment claims against Lopez, Franz, and Escobar only. *See* ECF No. 7. Accordingly, good cause appearing, the Court:

1. **DISMISSES** all claims against Defendant Madden for the reasons set forth in the Court's August 12, 2022 Order (ECF No. 6) and because Plaintiff has waived those claims. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend may be "considered waived if not repled" in an amended pleading). Accordingly, the Court **DIRECTS** the Clerk of the Court to terminate Madden as a Defendant in the above-named action;

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of Defendants C. Lopez, Franz, and Escobar (collectively, the "Remaining Defendants"). In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Remaining Defendants. Upon receipt of this "IFP Package," Plaintiff must (i) complete the USM Form 285s as completely and accurately as possible, (ii) *include an address where each of the Remaining Defendants may be found and/or subject to service* pursuant to Civil Local Rule 4.1(c), and (iii) return them to the United States Marshal Service according to the instructions the Clerk provides in the letter accompanying the IFP Package;

/ / /

3.     **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Remaining Defendants as directed by Plaintiff on the USM Form 285s provided to him.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

4.     **ORDERS** the Remaining Defendants, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which they are named as parties within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (providing that, while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once a court has sua sponte screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and thus made a determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond); and

5.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Remaining Defendants—or, if appearance has been entered by counsel, upon the Remaining Defendants' counsel—a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include, with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document was served on each of the Remaining Defendants or his counsel and the date of that service. *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or fails to include a certificate of service upon the Remaining Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: September 9, 2022

Hon. Janis L. Sammartino
United States District Judge