UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED DAVID SERNA, CDCR #E-25219,<br><br>Plaintiff,<br><br>v.<br><br>MADDEN, Warden; C/O C. LOPEZ; C/O FRANZ; and C/O ESCOBAR,<br><br>Defendants. | Case No.: 22-CV-841 JLS (DEB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 21) |

Presently before the Court is Plaintiff Alfred David Serna's ("Plaintiff" or "Serna") Motion for Appointment of Counsel ("Mot.," ECF No. 21). Having carefully considered Plaintiff's Motion and the law, the Court **DENIES** Plaintiff's Motion for the reasons that follow.

## BACKGROUND

On June 6, 2022, Serna, currently incarcerated at R.J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 naming Raymond Madden, Warden of RJD, and Correctional Officers Lopez, Franz, and Escobar as Defendants. *See generally* ECF No. 1 ("Compl."). Plaintiff did not prepay the

civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("IFP Mot."). He also moved to appoint counsel. *See* ECF No. 3 ("1st Counsel Mot.").

On August 12, 2022, the Court granted Serna's IFP Motion, dismissed his claims against Defendant Madden for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and denied without prejudice his First Counsel Motion. *See* ECF No. 6. In denying the First Counsel Motion, the Court noted that "nothing in Serna's Complaint suggests he is incapable of articulating the factual basis for his Eighth Amendment claims, which appear 'relatively straightforward'"; indeed, the Court "found, based on its initial screening of Serna's Complaint . . . , that he has stated a plausible claim for relief." *Id.* at 8 (citations omitted). Further, the Court determined that it was "too soon to tell[] whether he is likely to succeed on the merits," given Serna's failure to provide any evidence to support his claims. *Id.* at 8–9. The Court gave Serna the option of (i) proceeding with his Eighth Amendment claims against Defendants Lopez, Franz, and Escobar only; or (ii) filing an Amended Complaint that cured the pleading deficiencies noted in the Order. *See id.* at 10. On August 24, 2022, Serna filed a document entitled "Request for Judicial Notice" in which he informed the Court of his intention to proceed with his Eighth Amendment claims against Defendants Lopez, Franz, and Escobar only. *See* ECF No. 7. Accordingly, the Court dismissed Madden as a defendant in this action and directed the U.S. Marshal to serve the remaining Defendants. *See* ECF No. 8. On November 29, 2022, the remaining Defendants answered the Complaint. *See* ECF No. 15. The case is presently in discovery. *See* ECF No. 16 (Scheduling Order).

On February 22, 2023, Plaintiff filed the instant Motion, which asks the Court to "Reconsider[] [Serna's] request for Appointment of Counsel." Mot. at 2.[1]

/ / /

---

[1] In citing to the Motion, the Court refers to the blue numbers stamped in the upper righthand corner of each page by the Court's case management/electronic case filing system.

## MOTION FOR RECONSIDERATION

To the extent Plaintiff seeks reconsideration of the Court's denial of his First Counsel Motion, the Motion is untimely. Plaintiff's June 6, 2022 Motion to Appoint Counsel was denied by this Court on August 12, 2022. *See* ECF Nos. 3 & 6. Pursuant to Civil Local Rule 7.1(i)(2), "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Accordingly, Plaintiff's deadline to move for reconsideration of the denial of his First Counsel Motion was September 9, 2022. Plaintiff failed to file his motion, however, until more than five months after that deadline had passed. Accordingly, the Court **DENIES** Plaintiff's Motion as untimely. *See, e.g.*, *Quechan Indian Tribe v. United States*, Civil No. 02cv1096 JAH (AJB), 2010 WL 3895055, at *3 (S.D. Cal. Sept. 29, 2010) (denying reconsideration motion as untimely).

## RENEWED MOTION TO APPOINT COUNSEL

In light of Plaintiff's pro se status, however, the Court, in its discretion, construes his Motion as a renewed motion to appoint counsel and decides the Motion on its merits. *See, e.g.*, *Andrews v. Knowles*, No. 10cv2109-BEN (BLM), 2011 WL 2149619, at *1 (S.D. Cal. June 1, 2011) (considering untimely motion for reconsideration on the merits given the plaintiff's pro se prisoner status).

I.  **Legal Standard**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), "[a] finding of

exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

**II.  Analysis**

Here, Plaintiff asserts he is unable to afford counsel to represent him in this matter, Mot. at 2, and he provides correspondence demonstrating his unsuccessful efforts thus far to secure pro bono counsel on his behalf, *see id.* at 4–12. He further argues that "[his] imprisonment will greatly limit his Ability to Litigate," that "The issues involved in this case are Complex," and that "Plaintiff has Limited access to [the] Law Library and Little Knowledge of the law." *Id.* at 2. He further notes that "[he] is affraid [sic] he might be asked to say things that maybe [sic] used against him as if he Committed a Crime." *Id.*

Plaintiff has successfully navigated the Court system thus far. His initial Complaint largely survived screening, indicating that he at least has a base understanding of and ability to litigate this action. Nor are the legal issues raised by this action, in which Plaintiff is asserting a single Eighth Amendment failure-to-protect claim against three correctional officers, particularly complex. Ultimately, while the Court sympathizes with the difficulties Plaintiff faces as a pro se prisoner, limited access to the law library and a general lack of legal expertise do not rise to the level of "exceptional circumstances" for purposes of a motion to appoint counsel. *See, e.g.*, *Freeman v. Ducey*, No. CV-20-00287-TUC-RM, 2021 WL 3165405, at *1 (D. Ariz. June 28, 2021) (noting that "typical difficulties experienced by pro se prisoner litigants, such as a lack of financial resources, a lack of legal training, [and] limited access to legal resources, . . . do not establish exceptional circumstances") (citations omitted).

Finally, while the Court has previously determined that Plaintiff's "allegations are sufficient to plausibly allege an Eighth Amendment failure-to-protect claim against [the remaining Defendants]," ECF No. 6 at 6–7 (citations omitted), "it is too early for the Court

to determine [Plaintiff]'s likelihood of success on the merits," *Clack v. San Diego Sheriffs Dep't*, No. 08CV0624 IEG (RBB), 2009 WL 413030, at *2 (S.D. Cal. Feb. 18, 2009) (noting that court was unable to conclude that the plaintiff was likely to succeed "[a]lthough Plaintiff's allegations are sufficient to state a claim for relief"). At this early stage in the proceedings, with discovery still underway, the Court simply does not have enough facts and evidence to determine whether Plaintiff has a strong likelihood of success on the merits such that appointment of counsel is warranted.

In sum, Plaintiff has adequately litigated the case thus far, the case is still in its infancy, and the Court is currently unable to determine how likely Plaintiff is to succeed on the merits of his claim. For these reasons, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Accordingly, the Court **DENIES** Plaintiff's Motion. Should circumstances change, Plaintiff may be permitted to file another motion for appointment of counsel.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion (ECF No. 21).

**IT IS SO ORDERED.**

Dated: February 28, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge