IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED DAVID SERNA,<br><br>                         Plaintiff,<br><br>v.<br><br>MADDEN, Warden, et al.,<br><br>                       Defendants. | Case No. 22-cv-00841-JES-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE THE DEADLINE TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[DKT. NO. 45]** |

Before the Court is pro se Plaintiff Alfred Serna's Motion Requesting Another Continuance of Defendants' Motion for Summary Judgment and Appointment of Counsel ("Motion"). Dkt. No. 45. Plaintiff requests: (1) an extension of Plaintiff's deadline to oppose Defendants' Motion for Summary Judgment; and (2) appointment of counsel. *Id.*

For the reasons discussed below, the Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. PROCEDURAL BACKGROUND

On June 6, 2022, Plaintiff filed a Motion to Appoint Counsel, which District Judge Janis L. Sammartino denied without prejudice. Dkt. Nos. 3, 6. On February 22, 2023, Plaintiff filed another Motion for Appointment of Counsel. Dkt. No. 21. Judge Sammartino denied Plaintiff's second motion and allowed Plaintiff to file another request "[s]hould circumstances change." Dkt. No. 27 at 5.

On April 3, 2023, Defendant filed a Motion for Summary Judgment ("MSJ"). Dkt. No. 31. The Court notified Plaintiff that he may file any opposition to Defendants' MSJ on or before May 5, 2023. Dkt. No. 35. On April 12, 2023, Plaintiff requested extensions of the fact discovery cutoff and the deadline to oppose Defendants' MSJ by 90 days. Dkt. No. 38 at 1–2. The Court granted Plaintiff's requested extensions, continued the fact discovery cutoff to June 9, 2023, and extended Plaintiff's deadline to oppose Defendants' MSJ to August 4, 2023. Dkt. No. 42.

Plaintiff now requests: (1) an additional 90-day extension to oppose Defendants' motion for summary judgment, and (2) appointment of counsel. Dkt. No. 46. The Court addresses each in turn.

## II. EXTENDING THE OPPOSITION DEADLINE

A request to modify the scheduling order under Rule 16 requires a showing of good cause. Fed. R. Civ. P. 16 (b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff requests a "[c]ontinuance of his opposition to Defendants' Motion for Summary Judgment to a date not less than 90 days after August 4, 2023." Dkt. No. 45 at 5. Plaintiff alleges he was placed in administrative segregation for thirty days

on April 29, 2023, "without his legal material to go forward with his case." *Id.* at 2. Plaintiff claims he was transferred to Kern Valley State Prison on May 29, 2023, and has remained in administrative segregation at the new facility without his legal papers or access to the law library. *Id.* at 2–3.

While the Court finds good cause exists for an extension, the additional 90 days Plaintiff seeks (after the Court has already granted a 90-day extension) is too long of an extension. The Court therefore grants Plaintiff an additional 30 days, until **September 5, 2023**, to file his opposition. Defendant may file a reply **on or before September 19, 2023**.

### III. APPOINTMENT OF COUNSEL

An indigent's right to appointed counsel exists "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298–309 (1989). Appointing counsel is reserved for exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Courts must consider both factors, and neither is individually dispositive.

Plaintiff asserts the Court should appoint counsel because his "ability to litigate is low and requires a lot of research in which plaintiff is in [sic] Administrative Segregation to [sic] no access to any Law Library . . . ." *Id.* at 3–4. Plaintiff further claims "[t]his case will need a person to present evidence that [he is] not able to get" and "a lawyer on the outside to cross-examine witnesses at a higher level." *Id.* at 4.

Plaintiff does not address whether there exists a likelihood of success on the merits, and the Court has no basis to evaluate the likelihood of success.

Moreover, the Court cannot conclude Plaintiff lacks the ability to articulate and prosecute his claims. He has demonstrated the ability to articulate the essential facts supporting his Eighth Amendment claims, which appear relatively straightforward and uncomplicated. *See* Dkt. No. 1 at 5 (Plaintiff alleges that as a "direct and foreseeable result" of Defendants' Eight Amendment violations, he "has suffered, is suffering and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment, mental distress and other injuries"). Plaintiff has prepared and filed: (1) a complaint that survived 28 U.S.C. § 1915A(b) screening (Dkt. Nos. 1, 6); (2) a motion to proceed in forma pauperis which the Court granted (Dkt. Nos. 2, 6); (3) two previous motions to appoint counsel (Dkt. Nos. 3, 21); (4) a previous request to amend the scheduling order (Dkt. No. 38); and (5) this Motion (Dkt. No. 45). Plaintiff has also propounded and responded to discovery requests. Dkt. No. 38 at 1–2. These filings demonstrate that Plaintiff is able to satisfactorily articulate his claims and navigate civil procedure. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding exceptional circumstances were not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented the evidence effectively").

Finally, pro se litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This leniency applies to motions. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). The Court will take Plaintiff's pro se status into consideration when reviewing his filings. The Court, therefore, **DENIES** Plaintiff's request for appointment of counsel.

## IV. CONCLUSION

For the reasons discussed, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may file any opposition or notice of non-opposition to Defendants' Motion for Summary Judgment **on or before September 5, 2023**. Defendants may file a reply **on or before September 19, 2023**. Because Plaintiff has not demonstrated exceptional circumstances, the Court denies Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

Dated: July 21, 2023

_____
Daniel E. Butcher
United States Magistrate Judge